IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

|  |  |  |
|---|---|---|
| VANESSA YORK, MARSHAL EMMERLING, and MATTHEW MOSS, Each Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) ) ) |  |
|  | ) | CASE NO. 3:19-CV-92-RGJ-CHL |
| Plaintiffs, | ) ) |  |
| v. | ) ) |  |
| VELOX EXPRESS, INC. | ) ) |  |
| Defendant. | ) ) |  |

## JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT

Plaintiffs Vanessa York, Marshal Emmerling, and Matthew Moss, each individually and on behalf of all others similarly situated (collectively "Plaintiffs"), and Defendant Velox Express, Inc. ("Defendant") move this Court for an Order (1) approving the Parties' Settlement Agreement, attached hereto as Exhibit 1, as a fair and reasonable resolution of a *bona fide* dispute; and (2) dismissing this case with prejudice. The Parties respectfully state as follows in support of this Joint Motion:

1. Employees may settle and release claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. § 11-4-201, *et seq.*, against an employer if the parties present the district court with a proposed settlement, and the district court approves the settlement as a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *See* 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Simmons v. Mathis Tire & Auto Serv., Inc.*, No. 13-2875, 2015 WL 5008220, at *1 (W.D. Tenn. Aug. 20, 2015).

2. A *bona fide* dispute exists in this case between the Parties. *See Simmons,* 2015 WL 5008220 at *1 (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1353, n. 8) ("Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes concerning a plaintiff's entitlement to compensation under the FLSA."). In their Complaint, Plaintiffs allege that they, along with similarly situated employees of Defendant who opted in to this lawsuit (the "Opt-In Plaintiffs"), are entitled to minimum wage and overtime payments Defendant willfully failed to pay them. (Dkt. No. 1). Defendant denies Plaintiffs' claims for minimum wage and overtime compensation and asserts that it acted at all times in good faith and in compliance with the FLSA. The Parties firmly believe in the merits of their respective claims and defenses but recognize that there is risk for both sides in continuing litigation. Therefore, the Settlement Agreement reflects a reasonable compromise of Plaintiffs' claimed damages.

3. The proposed Settlement Agreement is a fair and reasonable resolution of the Parties' *bona fide* dispute. To determine whether a settlement is fair and reasonable, courts within the Sixth Circuit look to six factors: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel." *Nutting v. Unilever Mfg. (U.S.) Inc.*, No. 2:14-CV-02239-JPM, 2014 WL 2959481, at *3 (W.D. Tenn. June 13, 2014). As explained further in the Parties' memorandum Brief filed herewith, all six factors weigh in favor of approving the Parties' Settlement Agreement.

4. Specifically, the Parties have evaluated their respective positions and engaged in arms-length settlement negotiations to resolve this matter fairly and equitably. The proposed Settlement Agreement provides compensation for Plaintiffs' alleged unpaid wages and liquidated

damages, for a total liability settlement of $15,000.00. The proposed Settlement Agreement is based on the Parties' investigation of the facts underlying Plaintiffs' claims, the recognized risks and expenses associated with continued litigation, and the likelihood of Plaintiffs' success on the merits. In resolving this matter, the Parties also considered opinions of counsel and the range of possible recovery.

5. The Settlement Agreement therefore represents a fair and reasonable resolution to a *bona fide* dispute over Plaintiffs' FLSA and AMWA claims.

6. The Parties file their Settlement Agreement herewith as Exhibit 1.

7. Upon approval of the Parties' Agreement, the matter should be dismissed with prejudice.

8. Plaintiffs are additionally entitled to an award of attorneys' fees and costs. 29 U.S.C. § 216(b). By agreement, the Parties will separately ask the Court to resolve the question of a reasonable fee. On or before December 19, 2021, the Parties shall file either simultaneous briefs addressing the amount of attorney's fees that should be payable to Plaintiffs' counsel or a joint notice that the Parties' have resolved the issue of fees.

WHEREFORE, the Parties respectfully request the Court grant their Motion, approve the Settlement Agreement as a fair and reasonable compromise of a *bona fide* dispute, and dismiss this case with prejudice.

Respectfully submitted,

| | |
|---|---|
| /s/ Josh Sanford | /s/ John David Dyche (w/ permission) |
| Josh Sanford | John David Dyche |
| *Pro Hac Vice* | |
| | FULTZ MADDOX DICKENS PLC |
| Steve Rauls | Benjamin C. Fultz |
| *Pro Hac Vice* | John David Dyche |
| | 101 S. Fifth Street, 27th Floor |
| SANFORD LAW FIRM, PLLC | Louisville, Kentucky 40202-3116 |
| Kirkpatrick Plaza | (502) 588-2000 |
| 10800 Financial Centre Parkway, Suite 510 | bfultz@fmdlegal.com |
| Little Rock, Arkansas 72211 | jddyche@fmdlegal.com |
| Telephone: (501) 221-0088 | |
| Facsimile: (888) 787-2040 | Counsel for Defendant |
| josh@sanfordlawfirm.com | |
| steve@sanfordlawfirm.com | |

Counsel for Plaintiffs